Ethel Hunt, Appellee, v. Des Moines City Railway Company, Appellant.

**NEW TRIAL:** Movent Responsible for Conflicting Instructions.
1 New trial may be granted because of conflicting and irreconcilable instructions, even though the movent for new trial did, *in part*, invite the conflict by his requested instructions.

**NEW TRIAL:** Power of Court to Grant without Motion. A court
2 may grant a new trial on its own motion, whenever satisfied that it has prejudicially misdirected the jury. So held where, in an action by a passenger against a carrier for personal injury, the instructions (1) required defendant to show plaintiff's contributory negligence, (2) required plaintiff to show freedom from contributory negligence, (3) treated contributory negligence as a defense, and (4) failed to direct that contributory negligence was only pleadable in mitigation of damages.

*Appeal from Des Moines Municipal Court.*—T. L. Sellers, Judge.

April 13, 1920.

Action at law to recover damages for alleged personal injury. Trial to a jury, and verdict for defendant. On motion of plaintiff, the verdict was set aside, and new trial granted. Defendant appeals.—*Affirmed.*

*W. H. McHenry* and *A. B. Howland,* for appellant.

*F. L. Groesbeck,* for appellee.

Weaver, C. J.—The plaintiff alleges that, while a passenger on one of the defendant's street cars, and in attempting to alight therefrom, she fell, or was thrown to the ground, and was injured, by reason of the negligence of defendant's servant in failing to lower to its place the folding step provided for use of passengers in entering and leaving such vehicle. The defendant took

1. New trial: movent responsible for conflicting instructions.

issue upon plaintiff's petition, and the cause was submitted to the jury upon the testimony of witnesses and instructions given by the court, and, as already stated, there was a verdict for the defendant. The motion for new trial assigned as grounds therefor: (1) That the finding of the jury was not sustained by the evidence; (2) that the verdict was contrary to the instructions given by the court; (3) that the court erred in giving the jury each of the several instructions numbered 3½, 4, 5, 8, and 10. In the ruling on the motion, and ordering a new trial, the court explained that its ruling was based solely on the exceptions taken to the instructions upon the subject of contributory negligence.

The abstract contains no part of the evidence offered in the case, but is confined to a statement of the issues; the requests for instructions to the jury made by the defendant and by plaintiff and refused by the court; the charge given by the court to the jury; the verdict; motion for new trial; resistance thereto; and the ruling from which the appeal is taken.

Referring first to the defendant's request for instructions, it may be said, without quoting them at large, that, in so far as they related to the question of contributory negligence, they stated the rule to be that, if plaintiff, by her own want of care, contributed to the injury of which she complains, the verdict should be for the defendant.

The plaintiff's request for instructions contained a statement to the effect that, if she fell and was injured by reason of the negligence of the defendant in failing to lower the step, "and she was not guilty of any negligence on her part contributing to said injury, then your verdict should be for the plaintiff; otherwise, for the defendant."

Each of the several requests by the parties was refused by the court, which proceeded to charge the jury of its own motion. That part of the charge having relation to the

question of negligence and contributory negligence, as affecting plaintiff's right to recover damages, is as follows:

### "Instruction No. 2.

"The burden of proof in this case is on the plaintiff, and, before she can recover from the defendant, she must establish by a preponderance of the evidence the following propositions:

"First. That the defendant herein, through its employees, was guilty of negligence substantially as charged in plaintiff's petition.

"Second. That such negligence was the próximate cause of the injury to plaintiff.

"Third. That the plaintiff has sustained damages by reason of injury to her person, which was the proximate result of defendant's negligence.

"Unless the plaintiff has sustained each and all of the foregoing propositions, 1 to 3 inclusive, by a preponderance of the evidence, you will proceed no further, but your verdict will be for the defendant; but if you find that plaintiff has established, by a preponderance of the evidence, each and all of the foregoing propositions numbered 1 to 3 inclusive, you will then proceed to consider the amount of damage suffered by plaintiff."

### "Instruction No. 3½.

"You have been instructed that the *plaintiff in this case cannot recover if she was guilty of contributory negligence which contributed in any degree to the injury of which she complains,* but, upon this question of contributory negligence, you are instructed that *the burden of proof in this case to show contributory negligence on the part of the plaintiff rests upon the defendant, and not upon the plaintiff.*"

### "Instruction No. 4.

"It was the duty of the plaintiff to exercise ordinary

care for her own safety in alighting from said car, and to do what a reasonably prudent person would have done for her own protection at said time; and if you find, from all of the evidence and the surrounding circumstances, that a reasonably prudent person would have taken hold of the handholds or upright rods of said car in alighting, and if you further find that plaintiff failed to do so, *and that said failure so to do contributed to and was the proximate cause of her injury, then you should return a verdict for defend-ant.*"

## "Instruction No. 5.

"*If you do not find, by a preponderance of the evidence, that plaintiff was free from any negligence which in any manner contributed to her injury, then you need inquire no further, and your verdict should be for defendant.*"

## "Instruction No. 8.

"If you find, by a preponderance of the evidence, that defendant opened the door of the car for the purpose of let-ting plaintiff go from the car or door, and the step at said door was not let down in its proper place until after plain-tiff stepped out of the door, and, as a result thereof, plain-tiff was *injured, without any negligence on her part contrib-uting thereto,* your verdict should be for the plaintiff."

## "Instruction No. 10.

"If you find, by a preponderance of the evidence, that defendant was guilty of negligence, as herein defined, and that such negligence was the proximate cause of plaintiff's injury, *and you further find, by a preponderance of the evi-dence, that plaintiff was not guilty of any negligence which in any manner contributed to or was the proximate cause of said injury,* then your verdict should be for the plaintiff, and you should proceed to determine the amount of dam-ages she is entitled to recover of defendant, which in no

event shall exceed the amount claimed by plaintiff, to wit, $1,000."

That these instructions were erroneous is conceded in argument to this court, but a reversal therefor is resisted on the theory that plaintiff, by her requests to the court, invited the error so committed, and cannot be heard to complain of the prejudice, if any, resulting from such misdirection. That a party cannot successfully assign error upon the giving of an instruction which he has himself requested is a rule very frequently applied, and is, in itself, both fair and just. Does the case before us come fairly within the scope of that rule?

Before entering upon a consideration of the question so presented, it is well to note the present state of the law respecting the effect of a plaintiff's contributory negligence in actions of this character. The general rule that a plaintiff, in an action to recover damages for personal injury sustained by reason of the alleged negligence of another, must assume the burden of negativing contributory negligence on his own part, and, failing so to do, is not entitled to recover, was so long the undisputed law of this state, and so firmly fixed in the mind of law students and practitioners, that the recent statutory innovation thereon has not had attention or recognition in proportion to its importance. This rule was first modified by Code Supplement, 1913, Section 2071, in favor of railway employees; but later, the exception thereto was so enlarged by an act of the thirty-sixth general assembly (Supplemental Supplement to the Code, 1915, Section 3593-a) as to place the burden of proving contributory negligence upon the defendant, in all actions for personal injury brought by an employee against his employer, or by a passenger against a common carrier; but, in such cases, the defendant may plead and prove contributory negligence, in mitigation of damages.

In explanation of the confusion which is apparent in

the quoted instructions, it is said by counsel for appellant, and not denied, that, on the trial below, plaintiff's counsel and the court had apparently ignored the statute referred to, and proceeded on the theory that the ancient rule was still in force, until about the time of the submission of the issues to the jury, when counsel himself called attention to the mistake. The record as presented here would seem to indicate, upon its face, that, when this situation became apparent, the trial court had already prepared its charge on the wrong theory, and sought to remedy or avoid the effect of the error by amending and changing the language of certain paragraphs therein. That this attempt resulted in a very confused statement of inconsistent rules and irreconcilable propositions of law is doubtless due to the haste with which the change of front was made.

The case thus presented by the record does not bring it within the rule applicable to an alleged error which has been invited by a defeated party. Plaintiff did ask an instruction which recognized the ancient rule of the law of contributory negligence, and, if the giving of this rule were the only error in the charge to the jury, it would not justify the award of a new trial. But this is not the only error. If the court saw fit to adopt the plaintiff's erroneous theory of the law of contributory negligence, and if plaintiff's mouth is closed to complain thereof, he was, at least, entitled to have the rest of the charge of the court consistent therewith. On the other hand, it is impossible to reconcile the charge as a whole upon this subject with either theory of the law.

The second instruction states a rule by which plaintiff may recover damages, on proof of defendant's negligence, resulting in injury to her, without any reference whatever to the question of contributory negligence. Instruction No. 3½ tells the jury that plaintiff can recover nothing, if she was guilty of contributory negligence in any degree; but

that the burden of proving such contributory negligence
is on the *defendant*.    Instruction No. 5 places upon *plaintiff*
the burden of showing that she was "free from any negli-
gence which in any manner contributed to her injury," be-
fore·she can recover damages, and this thought is repeated
in Instruction No. 10.    Nowhere in the charge is there any
instruction that contributory negligence is available to de-
fendant only as a plea in mitigation of damages, and not as
a defense.    The jury was thus left afloat upon a sea of un-
certainty, without chart or pilot, and with a compass veer-
ing erratically from one course to another.    If the court,
upon reflection, or re-examination of the record so made,
became convinced that its error could be best mended by
ordering a new trial, it was a reasonable conclusion, and
wholly within the scope of its judicial discretion.    Indeed,
even in the absence of any motion therefor
on behalf of either party to the suit, the
court, if convinced that it had misdirected
the jury, and that prejudice to either party
resulted, or might have resulted therefrom,
could properly order a new trial upon its own motion; and
the case presented by this record is very clearly one which
would justify the exercise of that discretion.    *Allen v.
Wheeler*, 54 Iowa 628, 630; *Thomas v. Illinois Cent. R. Co.*,
169 Iowa 337, 341.

2. NEW TRIAL:
power of court
to grant with-
out motion.

Speaking on this subject, the Nebraska court, where
the statute on new trials is substantially like our own, has
well said:

"The rule thus recognized has not only the sanction of
authority, but rests upon the soundest and most satisfac-
tory reasons.    The power is inherent in all courts of general
jurisdiction to correct errors committed by them which are
clearly prejudicial to the parties, and their power in that
respect is ·exercised, not alone on account of their solici-
tude for the rights of the litigants, but ·also in justice to

themselves, as instruments provided for the impartial administration of the law." *Weber v. Kirkendall,* 44 Neb. 766 (63 N. W. 35).

See, also, *Merchants & F. Bank v. McKellar,* 44 La. 940; *Bond v. Cutler,* 7 Mass. 205; *Schmidt v. Brown,* 80 Hun (N. Y.) 183; *Fort Wayne & B. I. R. Co. v. Wayne Cir. Judge,* 110 Mich. 173.

It is also a very familiar rule, observed by this court, that, except upon clear showing of an abuse of discretion by the trial court in granting a new trial, its order will not be interfered with upon appeal; and, in view of our conclusion, already indicated, that, irrespective of the error invited or suggested by the plaintiff's request for instruction, the record discloses ample justification for granting a new trial on the court's own motion, the order appealed from will be permitted to stand.—*Affirmed.*

LADD, GAYNOR, PRESTON, and STEVENS, JJ., concur.

SALINGER, J. (dissenting). I think that, despite all that was done, this remains a case wherein a new trial was granted for the giving of an erroneous instruction which the movent had asked the court to give. When that is so, it is error to grant him a new trial. My reasons for so saying, and for opposing the sustaining of motions for new trial on general principles, are fully stated in my dissent, filed in the recent case of *Harper & Ward v. Kurtz,* 188 Iowa 1047.