ADOLPH POTIER, Appellant, v. WINIFRED COAL COMPANY, Appellee.

**TRIAL: Instructions—Inadvertent Use of Terms.** The inadvertent use of terms in instructions is not necessarily harmful. So held where the term "employer" was inadvertently used for "employee."

**MASTER AND SERVANT: Workmen's Compensation Act—Rejecting Master—Freedom From Negligence.** An employer who has elected to reject the Workmen's Compensation Act may, when sued for an injury, show that he was entirely blameless, and in reinforcement of such fact may show *what, in fact, was the cause of the injury.*

**MASTER AND SERVANT: Workmen's Compensation Act—Mitigation of Damages.** The statute relating to mitigation of damages because of the negligence of a plaintiff (Sec. 3593-a, Code Suppl. Supp., 1915) applies to an action by an employee against an employer who has elected to reject the provisions of the Workmen's Compensation Act.

**MASTER AND SERVANT: Workmen's Compensation Act—Assumption of Risk When Master Rejects Act.** A miner who leaves *his* working place, and under employment from the employer (who has elected to reject the provisions of the Workmen's Compensation Act) enters upon the particular work of removing a defect in the mine *entry*, in order to render it safe, thereby assumes the risk attending the doing of said work. (Secs. 2477-m and 4999-a3, Code Supp., 1913.)

*Appeal from Appanoose District Court.*—SENECA CORNELL, Judge.

OCTOBER 18, 1921.

REHEARING DENIED JANUARY 20, 1922.

ACTION for damages for personal injuries sustained by plaintiff while at work in defendant's coal mine. There was a verdict for the defendant, and judgment was entered thereon, from which the plaintiff has appealed.—*Affirmed.*

*John Clarkson* and *Fred C. Huebner*, for appellant.

*Howell, Elgin & Howell*, for appellee.

ARTHUR, J.—The petition averred and the evidence disclosed that the defendant had rejected the provisions of the Compensation Act, and had elected to assume liability for damages under the common law, as modified by the statutes of this state.

The answer of the defendant denied negligence on its part, and pleaded affirmatively that it was not guilty of any negligence which was the proximate cause of plaintiff's injury, and pleaded further that the plaintiff's own negligence was the sole proximate cause of such injury. The salient facts which the evidence tended to prove, stated briefly, are that the plaintiff was a miner, in the employ of the defendant, and engaged in the work of mining coal; that between the plaintiff's place of work and the "switch" at which he delivered his coal was an entryway, through which the plaintiff wheeled his coal; that the roof of such entryway became dangerous at a point about 50 feet from plaintiff's place of work; that the plaintiff discovered such dangerous condition, and at once notified the superintendent and mine foreman; that at the same time he at once ceased the work of mining, and refused to further wheel his coal under such dangerous roof, and so notified the superintendent and foreman, who fully coincided with the plaintiff in his judgment of the dangerous character of the roof; that it became thereupon the duty of the defendant company to "brush" said roof, by causing the taking down of all the loose rock therein; that the company had in its employment regular men whose duty it was to do such work upon delegation thereto; that, under the custom of the mine, it was the privilege of the miner who used such entryway to demand the right of doing such job, for which a liberal scale of compensation was provided, independently of the compensation for mining coal; that, pursuant to this custom, the plaintiff agreed with the superin-

tendent .and foreman to do the job for the stated compensation, and entered upon such work; that he was experienced and competent for the purpose, and was under no supervision as to the time or method of doing the work or as to the tools to be used; that, while he was engaged in such work, and after he had taken down a considerable quantity of loose slate, he was injured by a further falling of slate.

The errors relied on by appellant for reversal relate wholly to certain instructions given by the trial court. Instructions Nos. 4, 7, 8, 9, 10, 11, and 16 were as follows:

"IV.   Before the plaintiff can recover, he must establish by the greater weight or preponderance of the evidence:

"First.   That he was injured while in the employ of the defendant.,

"Second.   That such injury arose out of and was received in the usual course of such employment.

"If the plaintiff has so shown, then he would be entitled to recover, unless the defendant has established by the greater weight or preponderance of the evidence that the defendant was not guilty of any negligence that was the proximate cause of the injury to plaintiff.

"VII.   The law of this state provides that, in cases of this kind, the employer shall not escape liability for personal injury sustained by an employee of such employer when the injury sustained arises out of and in the usual course of the employment, because:

"1.   The employee assumes the risk inherent in or incidental to or arising out of his employment, or the risk arising from the failure of the employer to furnish and maintain a reasonably safe place to work, or because the employer exercised reasonable care in selecting reasonably competent employees in the business.

"2.   That the *employer* was negligent unless and except it shall appear that such negligence was willful and with intent to cause the injury.

"VIII.   Where an employee, in such a case as this, sustains an injury arising out of and in the usual course of his employment, the law presumes that such injury was the direct result and growing out of the negligence of the employer, and

that such negligence was the proximate cause of the injury; and in such case, the burden of proof rests upon the employer to rebut such presumption.

"IX.   Contributory negligence, if any, on the part of the plaintiff,—that is, negligence on' the part of the plaintiff that combined with negligence on the part of the defendant to cause the injury,—would be no defense; but if you find, by the greater weight or preponderance of the evidence, that the plaintiff's injury, if any, was caused wholly or altogether by the plaintiff's own negligence, or his failure to exercise ordinary and reasonable care for his own safety, and that the defendant was not guilty of any negligence that was the proximate cause of such injury, then plaintiff cannot recover.

"X.   If you find by the greater weight or preponderance of the evidence that the plaintiff was injured while in the employ of the defendant, and' that such injury arose out of and was received in the usual course of such employment, then the plaintiff would be entitled to recover, unless you find, by the greater weight or preponderance of the evidence, that the defendant was not guilty of any negligence that was the proximate cause of the injury; but if you so find that the defendant was not guilty of any negligence, or, if negligent, that such negligence was not the proximate cause of decedent's injury, then the plaintiff cannot recover.

"XVI.   If you find from a preponderance of the evidence that, on the morning of the accident, the plaintiff discovered a loose rock in the entry where the injury occurred, and that he regarded the rock as dangerous, and if you further so find that he told the superintendent and the pit boss about said loose rock, and that the superintendent and pit boss went to the place indicated by the plaintiff and inspected said alleged loose rock and found that the same was loose and dangerous, and if you further so find that the plaintiff contracted with the superintendent of the defendant to take down said rock, and that, in taking down said loose rock, the same fell on the plaintiff and caused the injury complained of by him, then the plaintiff cannot recover."

Appellant concedes that Instructions 4, 8, and 10 present a correct statement of the law.   Complaint is directed by appel-

lant against the other instructions above set forth, largely on the ground that they are inconsistent with and contradictory to the first named instructions. For the purpose of this discussion, we shall accept appellant's concession, and deem the law of the case to be correctly set forth in Instructions 4, 8, and 10.

I.   It will be noted that, in Paragraph 2 of Instruction 7, the court used the word "employer," instead of the word "employee." This was manifestly a slip of the pen. Appellant complains of it, however, on the ground that it would necessarily mislead the jury as to the law. We may assume it to be true that, if the mistake was fairly calculated to mislead the jury, the error could not be ignored merely because it was an inadvertence.

1. TRIAL: instructions: inadvertent use of terms.

A careful analysis of the instruction satisfies us that it cannot fairly be said that the jury was misled by it, for the following reasons:

(1)   The inadvertence was so manifest that it was fairly discoverable by the jury. (2) The paragraph as actually written reduces itself to a nullity. The result was the same as though the paragraph had been omitted entirely. (3) The paragraph, if in proper form, might properly have been omitted altogether. There was neither issue nor evidence in the case of willful negligence.

Inadvertences of this kind have been frequently presented to us as grounds of reversal. These include the transposition of the names of the parties, such as using the word "plaintiff" for the "defendant," and vice versa; a mistake in the Christian name of one of the defendants; the use of "his" for "her," in a case where a husband and wife were on trial. We have held such inadvertences to be nonprejudicial. *Willis v. Schertz*, 188 Iowa 712; *McBride v. McBride*, 142 Iowa 169, 176; *Reupke v. Stuhr & Son*, 126 Iowa 632; *State v. Steen*, 125 Iowa 307, 312.

It is our conclusion in the case at bar that no prejudice could have resulted to the appellant from the inadvertence pointed out.

II.   Appellant complains of Instruction 9. The argument is that it is wholly inconsistent with Instructions 4, 8, and 10, in that it recognizes contributory negligence as a qualified or partial

**2. MASTER AND SERVANT: Workmen's Compensation Act: rejecting master: freedom from negligence.**

defense. We are unable to so read the instruction under attack. The burden was on the defendant to prove its own freedom from negligence, as a proximate cause of the injury. It was under no burden to prove affirmatively *what was the proximate cause* of the injury. Nevertheless, it was material and competent to introduce evidence tending to show such proximate cause to be something other than its own negligence. Evidence tending to show that plaintiff's negligence was the sole proximate cause of the injury was competent, as tending likewise to show that the proximate cause was not the defendant's negligence. If plaintiff's negligence were the sole proximate cause of the injury, this would not be *contributory* negligence. The Compensation Act permits the defendant to show its own freedom from negligence. Theoretically, the defendant might be able to show its freedom from negligence, without disclosing or being able to disclose what the real proximate cause of the injury was. Nevertheless, its proof could be aided by a showing which would fix the sole responsibility for the proximate cause either upon the plaintiff or upon any other person. We see, therefore, no inconsistency as between Instruction 9 and those instructions which are conceded to be correct.

III. Complaint is made of Instruction 11, because contributory negligence was therein recognized as a ground for the mitigation of damages. There are two or three manifest reasons why this complaint cannot be sustained:

**3. MASTER AND SERVANT: Workmen's Compensation Act: mitigation of damages.**

(1) The verdict awarded to the plaintiff *no* damages. This instruction, therefore, cut no figure in the result, in a legal sense. Its incidental practical effect upon the jury would have been favorable, rather than unfavorable, to the plaintiff. It offered the jury a middle ground, in which some amount might have been allowed to the plaintiff.

(2) This instruction is in strict accord with Section 3593-a of the Supplemental Supplement to the Code, 1915.

It will be noted that this statute was no part of the original Compensation Act, but was enacted by a subsequent legislature. It is argued by appellant that it is in contravention of the Compensation Act. If that were so, it would have to be sustained, as

being the later legislation. However, we do not find that there is any necessary inconsistency between the two acts. The Compensation Act provided that, if an employer elected to reject the terms thereof, he "shall not *escape liability* for personal injury sustained by an employee" on the ground of contributory negligence of the employee "unless," etc. Section 3593-a does not permit such employer to "escape liability." It does provide, in effect, that his liability shall be confined to the comparative consequences of his own negligence, and shall not extend to the consequences of the negligence of the employee.

(3) Plaintiff saved no exceptions to this instruction. This last remark is applicable also to Instruction 9.

IV. Plaintiff complains of Instruction 16. The particular complaint now presented to us is that this instruction amounts to holding that the plaintiff, upon the hypothesis stated in the instruction, assumed all the risks of his employ-

4. MASTER AND SERVANT: Workmen's Compensation Act: assumption of risk when master rejects act.

ment. The plaintiff is confronted with the fact that the only specific exception saved by him to this instruction was that it ignored the presumptive negligence of the defendant, and that the following qualification should have been added thereto:

"And that the defendant was not guilty of any negligence that was the proximate cause of such injury.".

Clearly, the instruction is not vulnerable to the exception saved by plaintiff in the trial court, nor does the plaintiff now assume to support the point made in such exception.

If we were to treat the exception as sufficient to present the point now made before us, our holding must still be adverse to the plaintiff. The evidence is undisputed that the defect in the roof of the entry was at a place where it was the duty of the defendant company to remedy it by causing the loose slate to be taken down. It was 50 feet distant from the place of work of the plaintiff as a miner. As a miner, engaged in the work of mining coal, he had no duty to perform with reference to the "brushing" of said roof. He had discovered the danger, and had ceased his mining, and had notified the defendant. The evidence is abundant, and all but undisputed, that, by special arrangement with the superintendent of the mine, the plaintiff undertook the job of "brushing" said roof and rendering it

safe.  By such undertaking, he assumed a duty under which he had not been, prior thereto.  His relation to the defendant and to such undertaking was in no wise different from that of any other man to whom the company might have delegated such work.  In doing such work, the plaintiff must be regarded either as an independent contractor or else as an employee.  The defendant contends that he was an independent contractor; the plaintiff contends that he was still an employee.  We do not deem it material to decide in which character he was clothed.  If he was an independent contractor, for the time being, then the instruction was clearly correct.  If he was an employee, what were his duties, under the agreement between him and the superintendent?  Surely, it was not to mine coal at the place at which he had formerly worked.  On the contrary, it was that he should do the very thing to render such roof safe that the defendant was under duty to do when it delegated him.  If the plaintiff, for the time being, was an independent contractor, the injury resulting to him would not come within the Compensation Act.  Even if he should be deemed an employee, his injury would not come within the Compensation Act unless it occurred in the usual and ordinary course of his employment.  In order to come within the Compensation Act at all, therefore, it is necessary for the plaintiff to take the position that his work in remedying the entry roof from which his injury resulted was in the usual and ordinary course of his employment.  Section 4999-a3, Code Supplement, 1913, which abolishes the assumption of risk, excepts from its operation an employee ''when in the usual and ordinary course of his employment it is the duty of such employee to make the repairs or remedy the defects.''  Section 4999-a3 is not a part of the Compensation Act.  It was enacted prior thereto.  Considerable argument is devoted by the respective parties to the question whether the Compensation Act had the effect to repeal it by implication.  We see no reason for saying that such implication could arise only to the extent that inconsistency or conflict should appear between the two enactments.  We see no conflict at this point.

Inasmuch as it is conceded that the plaintiff was at the place of danger pursuant to his agreement with the superintendent, and for the very purpose of removing the danger and of

remedying the defect, and that his injury resulted in the course of such employment, and inasmuch as the plaintiff has brought himself within the Compensation Act by the declaration that his injury resulted in the usual and ordinary course of his employment, he necessarily comes within the specific exception of Section 4999-a3. We reach the conclusion that the trial court did not err in giving Instruction 16.

No other grounds of reversal than the foregoing are presented. The judgment below must, accordingly, be affirmed.— *Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.