IOWA GUARANTEE MORTGAGE CORPORATION, Appellee, v. UNIVERSAL CREDIT COMPANY, Appellant.

No. 42136.

MARCH 6, 1934.

REHEARING DENIED MAY 19, 1934.

Owen Cunningham, for appellant.

Brammer, Brody, Charlton & Parker and H. J. Thoma, for appellee.

EVANS, J.—Each of the parties before us is engaged in financing automobile sales. The general course of procedure pursued is somewhat as follows: When an automobile dealer sells to a customer on credit, he takes the customer's obligation for the purchase money and joins him in the execution of a conditional sales contract to be held as security until the purchase money is paid. Thereupon the dealer transfers the obligation of the customer and the conditional sales contract to the financing company and such financing company advances the amount of the credit to the dealer. The holder of the conditional sales contract is empowered thereby, upon default of payment, to take possession and dominion over the automobile. In this record two successive sales of the same automobile to different purchasers are involved. The fruits of the first sale had in May, 1932, were negotiated to the defendant, Universal Credit Company. The fruits of the second sale had in September, 1932, were negotiated to the plaintiff. Both transactions were conducted by the same dealer, the Capital Motors, Inc. Needless to say that the dealer breached his duty to the defendant in failing to turn the proceeds of the second sale to the payment of the defendant's debt. The first sale made was to Sands. The car was a new one. It was registered in the name of the Capital Motors, Inc. A transfer to Sands was entered upon the record. Sands defaulted in his payments. By arrangement with the defendant, the dealer filed an affidavit of so-called "re-possession" and took the car into his own custody. He thereupon executed a storage receipt to the defendant wherein he acknowledged the title of the defendant and assumed to hold the car in storage, as bailee. The evidence for the plaintiff is to the effect that the dealer was authorized to re-sell the car and that such was the purpose of his bailment. In September, 1932, he did sell it to Macri and received partial payment therefor. A credit was allowed in the sale to the amount of $487 for which the purchaser gave his obligation and accepted a conditional sales contract. This financing was immediately transferred by the Capital Motors, Inc., to the plaintiff herein. The plaintiff was engaged in the same line of business as was the defendant and it also was one of the patrons of this same dealer.

The public records disclosed no interest in either of the financ-

ing companies as to either of these transactions of sale. The conditional sale contract was recorded in each instance but not the assignment thereof in either instance. The registration entries carried no reference to either of the financing companies. The trial court submitted the case to the jury to be determined upon the broad ground whether the defendant clothed the dealer with the apparent title or with a power of sale, which was fairly calculated to deceive or mislead the plaintiff as a reasonably careful and prudent person and as an innocent purchaser in good faith, and whether pursuant thereto the plaintiff *did* so purchase the second conditional sale contract.

The alleged errors, which are presented for our consideration here, each and all inhere in the instructions of the court. That is to say in order to sustain any one of the errors alleged by the appellant, we should have to hold that the theory of law upon which the court submitted the case was erroneous. The appellee contends that the appellant is not entitled to a review of the instructions of the court for the reason that it did not preserve exceptions thereto in the court below as required by section 11495 of the Code. This section is as follows:

"11495. Any party may take and file exceptions to the instructions of the court, or any part of the instructions given, or to the refusal to give any instructions as requested, within five days after the verdict in the cause is filed or within such further time as the court may allow, and may include the same or any part thereof in a motion for a new trial, but all such exceptions shall specify the part of the instructions as excepted to, or of the instructions requested and refused and the grounds of such exceptions."

The foregoing statute was wholly ignored by the appellant. The purported exception to instruction 2 was in the following form:

"The court erred in giving instruction #2 on its own motion to the jury."

A literal copy of the foregoing was applied to each one of the seven instructions. We have held very definitely that such a form of exception is not a compliance with the statute. See Bodholt v. Townsend, 208 Iowa 1350, 227 N. W. 404; Oestereich v. Leslie, 212 Iowa 105, 234 N. W. 229. We see no escape from saying that

the appellant is not entitled to a review of the instructions upon this record.

The question naturally arises whether the appellant is entitled to predicate error upon the court's adverse ruling upon its motion to direct a verdict notwithstanding the failure of appellant to obtain a review of the instructions. Without now definitely passing upon the question, we solve the doubt in favor of the appellant for the purpose of this appeal. The point relied on is stated in the assignment:

"To the effect that the plaintiff had not proven its own title or the title of its assignor nor the purchase of the property in good faith and therefore has not sustained the burden of proof in this action."

The foregoing is substantially repeated in one or two of the other assignments of error. The principal assignments are directed to alleged error in instructions. Sufficient to say that the point thus raised in the motion to direct the verdict was properly overruled. The evidence was clearly in conflict and did present a question for the jury. If the instructions were correct in the statement of the law, then the evidence was sufficient to sustain the verdict. Inasmuch as we may not review the instructions, we must accept them as the law of the case. In so saying we are not intimating doubt upon the subject.

The judgment below must accordingly be affirmed.

CLAUSSEN, C. J., and KINDIG, STEVENS, and DONEGAN, JJ., concur.