E. K. Hawkins, Appellant, v. Silvanus Young.

137　281|
f142　664

**Negotiable instruments:** bona fide holder: burden of proof: instructions. Under the statute, where it is shown that the title of any person who has negotiated an instrument is defective, the burden is on the holder to prove that he or some one through whom he claims acquired title in due course; and where the instructions in a suit by the indorsee of a note, when construed together, announce this rule they will not be held misleading although a single paragraph standing alone is incorrect.

**Same:** presumption as to instructions. Where none of the evidence is before the appellate court it will be presumed that the instructions were based on the condition of the record at the time they were given.

*Appeal from Jasper District Court.*— Hon. Byron W. Preston, Judge.

Saturday, February 15, 1908.

Suit on a promissory note. Trial to a jury. Verdict and judgment for the defendant. The plaintiff appeals.— *Affirmed.*

*J. C. Hawkins,* for appellant.

*E. M. S. McLaughlin,* for appellee.

Sherwin, J.— The note sued on was given by the defendant to Morgan & Korf, and it was indorsed by them to John G. Harrah, and by him to the appellant, who alleges that she is the owner and holder thereof for value before maturity. The defendant alleged fraud in the procurement of the note and other defenses which we need not more particularly notice. After properly stating the issues to the jury, the court instructed as to who is to be considered a

holder of a negotiable instrument in due course, and, further, that the note in suit was in form a negotiable instrument within the meaning of the law, and that the undisputed evidence showed that it was indorsed to the plaintiff before it became due. The court then gave the following instruction: " As the court has said, the presumption is that the holder is deemed *prima facie* to be a holder in due course; but if the defendant has shown that the title in the person who negotiated the instrument was defective, the burden is on the holder to prove that some person under whom she claims acquired the title as holder in due course. The title of a person who negotiates an instrument is defective within the meaning of the law when he obtained the instrument or any signature thereto by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration; or when he negotiates it in breach of faith, or under circumstances that amount to a fraud."

The appellant relies for a reversal of this case upon the statement in this instruction that the burden is on the holder to prove that some person under whom she claims acquired the title as holder in due course. Code Supp. 1902, section 3060a59, defines who is deemed a holder in due course in the following language: " Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is upon the holder to prove that he, or some person under whom he claims, acquired the title as a holder in due course. . . ." It is therein provided that the burden is on the holder to prove that he or some person, etc.; and it will be noticed that the instruction complained of did not follow the language of the statute in this respect, and, if the instruction were to be considered alone, there can be no question as to the error therein in the respect indicated. But it is a familiar rule that the instructions must be considered as a whole, and, if, when so considered, it can be said that

1. NEGOTIABLE INSTRUMENTS: *bona fide* holder: burden of proof: instructions.

the jury was not misled, there will not be a reversal because of the use of language in a single paragraph, which, standing alone, might not announce correct law. *Faust v. Hosford,* 119 Iowa, 97.

The instruction complained of relates more particularly to the burden of proof, and did not attempt to specifically define the rights under the issues and the evidence introduced on the trial. It was followed by an instruction which stated to the jury that even if it found there was fraud in the inception of the note, or that it was without consideration, there must be a verdict for the plaintiff, unless she or her agent, J. C. Hawkins, had notice of the alleged infirmities or notice that there was a defective title, or that the note was " negotiated to and taken by the plaintiff under such circumstances as would amount to bad faith." In still another instruction the court advised the jury as to what would constitute notice of infirmities in an instrument or a defect in its title, and then said: " The mere fact, if you so find, that the plaintiff or her agent was negligent in taking the note, or had notice of such circumstances as would put her upon inquiry, is not sufficient to constitute the notice that is required by law. Such knowledge or notice, however, may be shown by evidence, either direct or circumstantial, and the inferences properly drawn therefrom." And in another instruction the jury was directed that " any knowledge or notice that J. C. Hawkins, as agent for the plaintiff, would have as to any of the matters herein referred to as requiring notice, would be the same as to the plaintiff herself." It will be observed from these instructions that the jury was specifically directed that it must find for the plaintiff unless she or her agent had notice of the infirmities in the note sued on, and we are abundantly satisfied that the omission complained of in the first instruction noticed cannot have misled the jury as to the rights of the plaintiff, and for this reason there should be no reversal of the case.

There is another reason why the judgment should be

affirmed.   None of the evidence on which the case was tried is before us, and we must presume that the instructions were based upon the condition of the record at the time they were given.   If the record showed that the plaintiff had not herself acquired the title as a holder in due course, the instruction would be correct.  *Jerolman v. C. G. W. R. R. Co.,* 108 Iowa, 178; *State v. Goering,* 106 Iowa, 636.   It may possibly be said that the instructions taken as a whole tend to indicate that there was some evidence supporting the plaintiff's plea that she had acquired title as a holder in due course, but the inference to be drawn from such instructions is slight, and can hardly be said to overcome the rule above announced.

2. SAME: presumption as to instructions.

The judgment is *affirmed.*