Julia Lang, Appellee, v. Marshalltown Light, Power and Railway Company, Appellant.

**Street railways:** NEGLIGENCE: INSTRUCTION: APPLICABILITY. Recovery in an action for negligence can only be had upon the grounds charged in the petition. Thus an instruction that the question of whether plaintiff's attempt to alight from a street car before it stopped was such negligence as would preclude recovery for her injury depended upon whether she acted with due care in attempting to alight was erroneous, where the only charge of negligence was that the car was started after having stopped and before plaintiff had time to alight, because authorizing recovery on a ground of negligence not charged in the petition; and the giving of another instruction which was applicable to the negligence charged did not cure the error.

**Same:** SUBMISSION OF ISSUES: PREJUDICE. Where the pleadings are clear in their statement of the claims of the parties and have support in the evidence no prejudice arises from copying them into the instructions in stating the issues to the jury; but when there is no proof in support of an issue made by the pleading, submission of the same in that manner is prejudicial error. Thus where plaintiff claimed in the petition that as a result of her accident in alighting from a street car she sustained certain permanent injuries of which there was no proof, statement of the same substantially in the language of the petition was prejudicial, where the same were not clearly withdrawn from the consideration of the jury.

**Same:** EXPERT EVIDENCE: INSTRUCTION. The testimony of an expert witness concerning a personal injury is not necessarily conclusive; and an instruction directing the jury to determine the plaintiff's condition from all the evidence, giving to the expert testimony such weight as it was entitled to, was not erroneous as minimizing the effect of the same.

**Same:** INSTRUCTION: REQUESTS: APPLICABILITY. Where plaintiff's testimony that immediately following her injury she was afflicted with an enlargement of her neck, which assumed the appearance of a goiter, was received without objection, refusal to instruct that there was no claim that the goiter resulted from the injury

and that she could not recover therefor was not erroneous, although an expert stated that such trouble could not have resulted from the injury; as the court under the record could not assume that the enlargement was a goiter, or that it was unrelated to the injury.

*Appeal from Marshall District Court.*—HON. CLARENCE NICHOLS, Judge.

WEDNESDAY, JUNE 24, 1914.

ACTION for personal injuries to a passenger in alighting from a street car, charged to have been caused by the negligence of the defendant.—*Reversed.*

*Hasner & Hasner* and *Binford & Farber,* for appellant.

*Bradford & Johnson* and *U. S. Alderman,* for appellee.

WITHROW, J.—I. On August 10, 1910, the plaintiff was a passenger of the defendant on its line of street railway which was being operated in the city of Marshalltown. She had arrived in the city at the station of the Northwestern Railway, having come from her home at Lamoille and took passage on defendant's street car at the railway station. She claims that on entering the car or soon after she told the conductor that she desired to get off at Second street, and that before reaching that point she signaled the conductor, who called the name of the street. She also claims that the car stopped at Second street, upon which she started to alight from it, and just as she had placed one foot on the street, holding to a rod or standard at the side of the car, which was an open one, the car started, without warning, throwing her to the brick pavement, and permanently injuring her.

The only ground of negligence charged is in starting the car after it had stopped, without warning, and before she had fully alighted. The injuries which she claims resulted from the alleged negligent act, and without negligence on her part, were in the left half of the body,

which includes the left shoulder, left side, and the left hip, left arm, and left limb, and also includes the spinal cord, spinal column, and the nerves radiating therefrom to the left side, and also includes the twisting, turning, and partial dislocation of the neck and head, so that the head is turned to the left, and also includes permanent injury to ligaments, muscles, etc., of the left side of the body, and also includes the left ribs and articulation, and connection thereto with the spinal column, and also includes heart troubles of nervous, arterial, and valvular, and dilation thereof, and also includes permanent injury to the veins and arteries of the left side, and also includes permanent injury to the eyesight of both eyes, and also includes permanent injury to the brain.

The trial resulted in a verdict and judgment for plaintiff for $6,000, from which this appeal is taken.

II. The evidence introduced on the part of the plaintiff tended to support her claim that the injuries of which she complained were caused by the car being suddenly started before she had fully alighted from it. On the part of the defendant there was evidence to the effect that as the car approached Second street she saw Olsen's Store, where she wished to go and which was in the block along which the car was then passing, and, saying that that was where she wanted to go, she started to arise, when another passenger cautioned her, and she sat down; that the conductor called Second street, and as the car was stopping, but while yet in motion, she arose, grasped the standard at the side, and stepped off backward, falling to the pavement.

1. STREET RAIL-
WAYS: negli-
gence: instruc-
tions: applica-
bility.

Based upon this proof, the trial court, in its instructions to the jury, in referring to the claim of contributory negligence, stated the rule under the facts as follows:

If the plaintiff, as a matter of fact, attempted to alight from said car before it stopped, and while it was still in motion, then whether the plaintiff in so doing was guilty of negligence causing or contributing proximately to cause her injuries, and which would preclude a recovery herein, would

depend whether the plaintiff in so attempting to alight was at the time in the exercise of ordinary care; that is, that degree of care that an ordinarily careful and prudent person would have exercised under the same or similar circumstances. In determining whether the attempt of plaintiff to alight from the car while yet in motion, if she did so attempt, was negligence on her part, the speed of the car at the time, the manner in which she attempted to leave the car, and any other facts and circumstances bearing thereon, so far as shown by the evidence herein, should be considered by the jury.

Error is assigned in the giving of this instruction, upon the ground that the only negligence charged in the petition was in suddenly starting the car after it had stopped; and if, as submitted in the instruction, the accident occurred before the car had stopped, the injury then resulted from causes not charged as negligence on the part of the defendant. It requires no extended citation of authorities to support the rule that in actions based upon negligence recovery can only be had upon proof of some one or more of the negligent acts charged. *Manuel v. C., R. I. & P. Ry.*, 56 Iowa, 655; *Carter v. K. C., St. J. & C. B. Ry.*, 65 Iowa, 287; *Volquardsen v. Telephone Co.*, 148 Iowa, 77.

Counsel for appellee cites *Root v. Railway Co.*, 113 Iowa, 676, and *Beringer v. Railway Co.*, 118 Iowa, 135, in support of the proposition that, when a street car is stopped to permit a passenger to alight, it is bound to wait a sufficient time to enable the passenger to do so, and that it is negligence to start the car while the passenger is attempting to alight. We do not understand that this rule can be questioned, nor the further one stated in both of the cited cases that it is not negligence, as a matter of law, to attempt to leave a street car which is in motion, although in some cases such may amount to contributory negligence. Under issues framed to support such rules, their application is correct. But they do not reach to the question presented in this record. There is no charge of negligence resulting from acts done before the car had stopped, and the criticized instruction placed before the jury

a situation as bearing upon the question of contributory negligence which recognized it as a question to be considered under conditions not charged in the pleading. If the injury occurred before the car had stopped, and not as a result of its being suddenly started after it had stopped, there was then a failure to establish the negligence charged against the defendant; and the act of the plaintiff in alighting from the car before it had stopped, if she did so, was, if negligent, not concurring with any negligence charged, and therefore not contributory negligence, as such term is properly understood.

In a later instruction the trial court correctly stated the law applicable to the case as follows:

. . . If the jury find that the plaintiff's injuries were due to the act of the plaintiff in attempting to alight from said car while in motion, or to the fact that she attempted to alight therefrom in an improper way or manner, the defendant would not be liable herein; and if the injuries suffered by the plaintiff was the result of the negligence of the defendant operating with that of the plaintiff, the two being the proximate cause of the plaintiff's injuries, the plaintiff cannot recover herein.

That there is conflict in the rules stated in the two instructions is apparent. The one recognizes as facts proper to be considered upon the question of contributory negligence what the other definitely states would constitute a bar to recovery under the pleadings in the case. Recognizing this, counsel for appellee urges the rule announced by this court that instructions must be considered as a whole if they are not misleading, and announce correct propositions of law. *Montrose Sav. Bank v. Claussen,* 137 Iowa, 73; *Hawkins v. Young,* 137 Iowa, 281.

But we are of opinion that the rule cannot be used as a curative in the present case. As has already been stated, the instruction upon the question of contributory negligence recognized, and the jury would, we think, fairly understand from it, that the care or want of care of the plaintiff in alight-

ing from the car before it had stopped was fairly in the case; while the later instruction told the jury that an attempt to alight while the car was in motion would prevent recovery. We think the instructions were misleading under the issues, and likely to be misunderstood by the jury, and were contradictory. Being so, the error in giving instruction No. 8, the one first quoted, was not cured by instruction No. 10, which in that respect correctly stated the law applicable to the case. *Beaver v. Porter,* 129 Iowa, 41; *Loomis v. Des Moines News Co.,* 110 Iowa, 515.

III. In stating the issues to the jury, the trial court substantially set out the averments of the petition as to the extent of the injuries claimed to have been sustained by the plaintiff, as quoted earlier in this opinion. Included in the statement of the various results which are alleged to have followed the accident were those of permanent injury to the arteries on the left side, the articulation of the ribs with the backbone, and permanent injury to the brain. A reading of the record discloses no proof as to such conditions, unless it may be said that other conditions as to which there was proof arose out of them; but this at most is an inference not safely to be drawn by one untrained in the science which understands and treats them. No instruction was given withdrawing from the jury any of the statements of injury from the accident; but it was left to be determined under all the evidence the nature and extent of the results to her which followed the accident. Many of the earlier cases decided by this court have treated as no error the copying of the entire pleadings in the case as a part of the instructions. When the pleadings are clear in their statements, and concisely present to the jury the claims of the parties which have support in the proof, no prejudice can result from so copying them; but it is a practice more to be approved for the trial court, in stating the issues, to omit all unnecessary statements of the pleadings, and, when there is failure of proof as to any particular issue or claim, to clearly withdraw it from consideration, and

2. SAME: submission of issues: prejudice.

if there is a failure to so do, which is prejudicial in its nature, such is held to be error. *Swanson v. Allen,* 108 Iowa, 419; *McDivitt v. Railway Co.,* 141 Iowa, 689.

We are of opinion that, in including in the statement of the case claims of injury or elements of damage as to which there was no proof, there were presented to the jury more than should have been done; and while we would hesitate to reverse the case on that ground alone, we think that adherence should be given to the rule that no more should be stated of the claim than there is evidence to support, and, when there is failure of proof as to any claim or condition, such should be definitely brought to the notice of the jury.

IV. Instruction No. 13 was as to the weight to be given to the testimony of expert witnesses who testified as to the physical condition of plaintiff and other matters. In the instruction the trial court stated that the opinions of such witnesses were not necessarily conclusive, but that the jury, from all the facts and circumstances, including the opinions of experts, should determine her condition, giving to the testimony of the experts the weight which they were deemed entitled to, taking into consideration their knowledge and skill as disclosed by the evidence. Criticism of this instruction is based upon the claim that it minimized the effect of the testimony of the experts, especially as such was, as claimed by appellant, the only reliable testimony upon the question of the present condition of the plaintiff, and that it conclusively showed that the conditions now apparent could not have resulted from the causes claimed. The given instruction is almost an exact reproduction of one which was given and approved in *Morrow v. Accident Association,* 125 Iowa, 634. We do not think it is subject to the criticism urged against it. The testimony of the expert witnesses was not necessarily conclusive upon the subjects as to which they testified, and, while the jury had the right under the instructions to give greater and controlling weight to their evidence as against the testimony of plaintiff and her wit-

3. SAME: expert evidence: instruction.

nesses, they were not bound to do so. There was no error in the instruction.

V. The evidence was to the effect that immediately following the accident there was an enlargement of plaintiff's neck, which grew and assumed the characteristics and appearance of a goiter, although she testified that she had not understood that it was such. At the time of the introduction of this evidence no objection appears to have been made to it. Evidence of physicians introduced by the defendant was to the effect that goiter was a disease of the thyroid gland, and not due to the injury. The defendant requested an instruction to the effect that there was no claim in the petition that plaintiff was affected with goiter, or that the goiter which she had was the result of her injuries, and that such could not be considered as a reason for her recovery. This instruction was refused, and error is assigned. While no claim was made in the petition that the injuries resulted in such enlargement, at the time of the offer and introduction of such testimony that question was not raised, and, it being claimed by the plaintiff that such condition arose after her injury, such was then under the evidence fairly before the jury. The offered instruction would have excluded that question as an element of damage, and under the condition of the record its refusal was not error, for it cannot be held that the enlargement of the neck had no relation to the injury, nor was the evidence of such nature that the court could properly have assumed that it was a goiter.

4. SAME: instructions: requests: applicability.

VI. The sufficiency of the evidence to sustain the verdict is raised in the assignment of error. There was evidence which required the submission of the case to the jury. As there must be another trial, we do not find it necessary to pass upon this question.

For the errors pointed out, the judgment is—*Reversed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.