MILLER & KIZER, Appellee, v. DES MOINES CITY RAILWAY COMPANY, Appellant.

**PARTIES:** Plaintiffs—"Conditional" Owner. The *conditional* owner of an article may maintain an action for damages thereto, and de-

fendant's motion for a directed verdict because plaintiff was not the owner may not be sustained when it is, on the record, debatable whether the original vendor has rightfully and unequivocally reasserted his title over the property.

**TRIAL:    Instructions—Copying Pleadings.**    The act of the court in substantially copying the pleadings into instructions does not necessarily constitute reversible error.

**NEGLIGENCE:    "Last Clear Chance" Doctrine—"Actual" Discovery of Danger.**    The "last clear chance" doctrine necessarily depends on whether the defendant *actually* discovers the danger of the other party in time to prevent injury by reasonable effort.

**TRIAL:    Instructions—Correct But Not Elaborate.**    Instructions which are correct so far as they go, and which are not misleading, are all-sufficient, in the absence of a request for greater elaboration.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 13, 1923.

ACTION to recover for damages caused by a collision between a motor bus and a street car. Verdict for plaintiff, and defendant appeals.—*Affirmed.*

*W. H. McHenry* and *Corwin R. Bennett,* for appellant.

*Walter F. Maley* and *Thurlow T. Taft,* for appellee.

FAVILLE, J.—Appellee is a copartnership. At the time of the transaction in question, appellee was engaged in operating a motor bus in the city of Des Moines. A collision occurred between said bus and a street car operated by appellant. This action is brought to recover for damages caused to the bus by such collision.

I. It is appellant's contention that appellee cannot recover in this action because of a claim that appellee was not the owner of the motor bus at the time the action was commenced, or at the time of the trial.

Appellee purchased said motor bus under a conditional bill of sale. The purchase price was $2,500, and $150 was paid

at the time of the purchase, and the balance was to be paid in monthly installments.  The conditional sale con-

1. PARTIES: plaintiffs: "conditional" owner.

tract, which was in writing, provided that, if default was made by the vendee in any of the agreements contained therein, in that case the contract "shall be forfeited and ended without notice, at the election of the said party of the first part or agent, and said party of the first part may, without process of law, take possession of said property."  The contract also provided:

"It is further expressly agreed that the title and ownership of all of said property is in and shall remain in said first party until all of said payments, interest, costs and damages are fully paid."

The contract further provided:

"And the said party of the second part hereby covenants with the said party of the first part that * * * he * * * herewith received said property in good condition and that in case of a forfeiture of this contract * * * he * * * will deliver up the possession of said property to said first party in as good condition as when the same was received, ordinary wear and tear excepted."

It appears also that, at the time of the signing of the contract, the vendee signed some sixty or more notes representing the unpaid purchase price, and that these were delivered to the vendor.  It appears that after the accident the motor car was taken by appellee to the place of business of the vendor of said car, where it was repaired at an expense of $22.  This amount does not appear to have been paid.  Some seven or eight days later, the appellee again took possession of the car, and used it about a week or ten days, when the car again met with an accident, on the Indianola road, some distance from the city of Des Moines, where, as we understand the record, it was left.  It appears that one member of appellee partnership told the vendor of the car to go and get it, which the vendor did, and returned it to the vendor's place of business, where it was retained at the time of trial.

The vendor testified as follows:

"The bill for the repairs was $22.  That covered all of the repairs.  I took this automobile back, under my bill of sale.

I have it now in storage at the fair ground. It is not in use at all. It is just in my possession in storage, holding it. I took it over the first time shortly after this accident with the street car. The next time, I took it back sometime along in the winter. I can't tell just exactly when. The accident on the Indianola road was during the winter. The fact of the matter is, I went there and got it and brought it back, and kept it ever since. One of my men went after it. Mr. Miller told me to go down and get it. He came over to the shop and told me to get a truck and go down and get the bus and tow it home. After that, he wanted the truck again; but I wouldn't let him have it, because he wouldn't pay for it.''

He further said:

''I took it back because I wasn't getting my money. I didn't take it back until after they got it again, following this accident. * * * These notes were given for the purchase price of this bus. We have those notes. I can't say that I have ever released Mr. Miller and Kizer from liability on these notes, as long as I haven't given back the notes. I am still the owner of these notes. I wouldn't say as to whether or not I am willing to return them to Mr. Miller and Kizer at this time, and call the transaction closed. I want my money some way or other, especially for these repairs.''

Upon this record, appellant moved the court for a directed verdict, on the ground that appellee was not the owner of the property that was injured, and had lost all equitable claim to the property, prior to the commencement of this suit.

In *Donnelly v. Mitchell*, 119 Iowa 432, we said:

''To constitute a conditional sale, within the terms of the statute, there must be a delivery of possession to the purchaser, with the intention of passing immediate ownership, subject only to the reservation of title to the seller as security for the purchase money.''

See, also, *Maxwell M. S. Corp. v. Bankers Mtg. & Sec. Co.*, 195 Iowa 384, and cases cited therein.

The contract in this case constituted a conditional sale, where there was a delivery of possession to the vendee, with the intention of passing immediate ownership, subject only to the reservation of the title in the seller as security for the purchase

money which was to be paid, and which was evidenced by the promissory notes of the vendee, executed and delivered to the vendor. At the time of the accident, this status was retained, and at said time a right of action immediately accrued to the appellee for the injury incurred, assuming that there was liability on the part of appellant for such injury. It is the contention of appellant that appellee lost the right to recover for these injuries before the commencement of this action, and that at said time appellee was not the real party in interest.

The allegations of the petition are that appellee is the owner of the motor bus. A general denial was pleaded. Appellant contends that the vendor exercised his right to regain the property under the conditional sale, prior to the commencement of this suit, and thereby reinvested himself with the title to and ownership of the property, and that appellee had lost all rights therein, and that this status existed at the time suit was brought.

We do not deem it necessary to determine what might have been the rights of appellee if the vendor of the motor bus had fully re-established title in himself under the conditional sale contract before the commencement of this action, and had, under the conditional sale, deprived appellee of all rights thereto.

It appears from the testimony of the vendor that the notes given for the purchase price were still retained by the vendor, under claim of ownership thereof, and that the vendor was unwilling to return the notes to the vendee and call the transaction closed. It is true that the vendor also made the statement, on direct examination, "I took this automobile back under my bill of sale." Appellant asked the court to direct the jury to return a verdict in favor of appellant, on the ground that appellee was not the owner of the car at the time of the commencement of this action. The question was not raised in any other way in the trial of this case. The court might properly have submitted the question to the jury. No request was made to do so, and no specific issue was raised by the pleadings that appellee was not the real party in interest.

We think the court did not err, upon this record, in refusing to direct a verdict, and thereby to hold, as a matter of law, that appellee was not the owner of the property at the time of the commencement of this action and at the time of the trial.

II.   It is contended that the court erred in substantially copying the pleadings, in the statement of the issues.

This is a practice which we have frequently said should be avoided. *Robinson & Co. v. Berkey & Martin,* 100 Iowa 136; *Swanson v. Allen,* 108 Iowa 419; *Erb v. German American Ins.*

2. TRIAL: instructions: copying pleadings.

*Co.,* 112 Iowa 357; *Lang v. Marshalltown L. P. & R. Co.,* 166 Iowa 548. In the case at bar, however, we do not think that the statement of the issues by the court in substantial compliance with the pleadings constituted such error as requires reversal of this case. The court specifically and definitely, and in separate instructions, defined and pointed out to the jury the only acts of negligence which were submitted for their consideration, and definitely instructed it to confine its investigation to the specific grounds of negligence mentioned in said instruction. We think that the instructions clearly defined the grounds of negligence which the jury were to consider, and expressly limited its investigation to the same. There was no error at this point.

III.   Appellant complains of the action of the court in submitting to the jury the doctrine of "the last clear chance."

We are committed to the proposition that, in order for this doctrine to be applicable, it must appear from the evidence that the defendant in an action of this character actually discovered

3. NEGLIGENCE: "last clear chance" doctrine: "actual" discovery of danger.

the position of peril of the injured party, before a recovery can be predicated on this ground. *Carr v. Inter-Urban R. Co.,* 185 Iowa 872; *Claar Trans. Co. v. Omaha & C. B. St. R. Co.,* 191 Iowa 124.

The instructions of the court are not in contravention of the foregoing rule. The court properly submitted to the jury the fact question as to whether the motorman on the street car saw the driver of the motor bus upon the track in time so that, by the exercise of reasonable care on his part, he could so have controlled the car as to have prevented the accident, but failed to do so.

We do not find error at this point.

IV.   Complaint is also made that the court instructed the jury that "the right to the use of the streets by pedestrians and operators of vehicles is equal to that of the street railway com-

4. Trial: instructions: correct but not elaborate.

pany.'' Appellant does not dispute the correctness of this statement, but contends that it was incomplete.

In *Hollgren v. Des Moines City R. Co.*, 174 Iowa 568, we said:

"They [drivers of vehicles] had the right to drive upon the street and over the crossing, a right which the law regards as of equal sanctity with that of the car company, though, of course, owing to the difference in the character of the vehicles, if it occurs that a street car and a lighter or more mobile vehicle approach a crossing at the same time, or so near the same time as to reasonably indicate the danger of collision if both proceed, it is the duty of the driver of the latter to yield precedence to the former. It is at the same time no less the duty of the operator of the street car to exercise the company's rights upon the streets, including the right of preference above mentioned, with due regard to the safety of others who, as members of the general public, are entitled to the use of the public ways."

Appellant contends that the thought expressed in the above quotation should have been embodied in the instruction given by the court in this case.

The instruction as given was not incorrect nor misleading. The court could properly have amplified it, but there was no request so to do, and there was no error in the instruction as given. We cannot presume prejudice and reverse under such conditions.

V. Appellant complains of the refusal of the court to give a requested instruction on contributory negligence. The instruction given by the court on the subject of contributory negligence was quite as favorable to appellant as the requested instruction, and was a correct statement of the law. There was no error on the part of the court in refusing to give the instruction in the form requested.

We find no error in the record requiring interference on our part, and the judgment of the district court must be, and it is,—*Affirmed.*

Preston, C. J., Evans and Arthur, JJ., concur.