LILLIAN E. ELMORE, Appellee, v. DES MOINES CITY RAILWAY COMPANY, Appellant.

MARCH 5, 1929.

*Corwin R. Bennett*, for appellant.

*Utterback, Forrest & Robinson*, for appellee.

WAGNER, J.—The plaintiff brings this action to recover damages for personal injury alleged to have been caused to her as a passenger upon a bus of the defendant company's, by reason of

the negligence of the driver of said vehicle. Upon a verdict in favor of the plaintiff, judgment was rendered against the defendant for the sum of $10,000 and costs. The defendant appeals from the judgment, and from the order of the court overruling its motion for a new trial.

Many alleged errors are assigned, which will be hereinafter considered. The first contention of the appellant is that the evidence of the plaintiff is absurd, improbable, and insufficient to warrant the verdict. In support of its contention, the appellant relies upon *Graham v. Chicago & N. W. R. Co.*, 143 Iowa 604, and *Artz v. Chicago, R. I. & P. R. Co.*, 34 Iowa 153. We are unable to agree with this contention of the appellant's. No motion for directed verdict was made, either at the close of the plaintiff's evidence or at the conclusion of the taking of all the evidence. The proposition as to the insufficiency of the evidence was raised in the motion for a new trial. We will briefly refer to the evidence. Douglas Avenue runs east and west. Beaver Avenue makes an acute angle therewith to the south, but runs generally north and south. The route over which the bus was operated, runs in a westerly direction on Douglas Avenue until Beaver Avenue is reached, where the turn is made in a southerly direction thereon. The injury occurred on the evening of December 18, 1926, between 8:30 and 9:00 o'clock P. M. The appellee was a passenger upon the bus. She desired to alight at Beaver Avenue. The bus was stopped at approximately the east line of the intersection of said two streets. The entrance to the bus was at the front end, on the right-hand side. The material portion of the appellee's testimony as to the proposition we are now considering is substantially as follows:

"When he stopped the bus, I got up to get off. He opened the door, and I stepped down on the step on the ground. I think there was only one step, and I was just stepping off on the ground, and the bus lurched back a ways, and then started forward. It threw me out. I landed on my feet in a sort of unbalanced—I couldn't get my balance,—I couldn't get on my feet. They started and turned south at the same time. I put my hand out against the bus, and pushed myself up, to get away from it; but it just pushed me along with it, until I fell, and grabbed the bumper at the side, and that jerked me around

toward the back of the bus. I grabbed the first thing my hands touched. As I grabbed the bumper, the bus was still moving, and it jerked me around behind it. I was falling the opposite way from the way the bus was going,—that was the way I was thrown,—and at the same time, I could see the headlights of the cars [approaching from the rear]; they were right behind. When I grabbed that bumper, my face and arms were toward the back end of the bus, my legs toward the front end. I was then being dragged by the bus on my stomach. I reached up with one arm, and got my elbow over the fender, so I sort of turned myself over from my stomach to my back. From that time, I was dragged on my back,—that is, my hips and legs,—I pulled my body up off the ground. I held onto the bumper. I was dragged from this position at Beaver and Douglas to Urbandale and Beaver; the distance is three fourths of a mile. The driver of the bus did not give me any notice or warning that he was going to start the bus. The bus stopped on the northeast corner of Douglas and Beaver. It turned immediately south; in other words, cut the corner. I continued to hold onto this bumper on the rear end of the bus, to protect myself. I did not know where I would be thrown, or run over by another car.''

On cross-examination, she testified substantially as follows:

''I don't know how far backward it [the bus] moved. I was still on the bus when it started forward. I did not alight; I was thrown. I was ready to alight when the bus started the lurch backward; when it lurched forward, it threw me off. I did not move from that step before I fell. I fell toward the bus as it started up. I tried to get my balance and to right myself, and I couldn't. I had lost my balance, kind of stumbling, falling,— tried to right myself. I put my right hand against the side of the bus until I fell, and the back end of the bus was even with me then at that time. Q. It wasn't the turning of the bus, then, that caused you to fall? A. Yes, sir, I could not get away from it, and finally knocked me all the way down. I do not believe I would have fallen against the bus if it had kept straight forward. I grabbed as I was falling.''

There is evidence that a party following in a Ford, and seeing the dilemma in which the woman was placed, made efforts to communicate with the driver and have him stop, but without

avail. The plaintiff was screaming, as the bus went south, and her wails were indistinctly heard by some of the occupants of the bus, but were supposed to come from occupants of a car following.

There is no contention made by the appellant as to negligence of the appellee, contributing to her injury. Its sole contention at this point is that the plaintiff's testimony is so absurd, improbable, and preposterous that the court should not allow the verdict to stand. While there is testimony offered by the appellant tending to show that plaintiff's version as to the accident is incorrect, yet the conflicting testimony made it a question for the determination of the fact-finding body. The question of the credibility of the witnesses was for the jury. The aforesaid cited cases are clearly distinguishable from the instant case. Appellant's contention at this point is devoid of merit. See *Burger v. Omaha & C. B. St. R. Co.*, 139 Iowa 645.

The appellee was severely injured. Upon the stopping of the bus, she was taken to a cafe near by, and laid upon a cot. She had sunk into unconsciousness, and was soon thereafter removed to the hospital, and had only partially regained consciousness the next morning. The appellee was 40 years of age, was pregnant, and on the morning of December 20th, gave birth to a baby, which was premature by one month. The baby died on the morning of December 24th from concussion or hemorrhage of the brain. Medical testimony reveals the fact that the coccyx of the appellee is broken loose from the rest of the spinal column; that the injury is permanent. The appellee has suffered great pain, and will continue to suffer; she is unable to sit down, except first on one side and then on the other of her body. When lying upon her back, she suffers pain. Shortly before the trial, examination revealed that there had been no reuniting of the bones. It is shown that her nerves are shattered. Medical testimony further reveals that there is little probability that there will ever be a reuniting of the broken sections in the spinal column, and that about all that can be done is to operate, and remove a portion of the bone; but that she will always be in an impaired condition. She was in the hospital until the 3rd of January, 1927. She was a switchboard operator until August, 1926, since which time her occupation has been the performing

of her household duties as a housewife in keeping her own home. It is conceded that the medical and hospital bills were $250.

It is contended by the appellant that the court erred in that he substantially copied the pleadings, at the commencement of the instructions. We have repeatedly condemned this practice  by trial courts, and in some cases, where the disputed questions which the jury were to determine were not made clear, have reversed. Issues which are susceptible of brief condensation should not be presented to the jury through the easy expedient of copying long, involved, and complicated pleadings. See *Mowry v. Reinking*, 203 Iowa 628. In the instant case, there was no dispute that the plaintiff was injured. The issues were: (1) Was the defendant negligent in one or more of the particulars alleged in the petition? (2) Was said negligence the proximate cause of the injury? (3) Was the plaintiff guilty of negligence contributing to her injury? (4) What is the amount of plaintiff's damages? In the case at bar, we do not think that the fact that the court substantially copied the pleadings at the commencement of his instructions constitutes reversible error; for the court in its instructions submitted the specific grounds of negligence upon which recovery by the appellee could be had, and when it had done so, we think that the instructions clearly defined the grounds of negligence which the jury was to consider, and expressly limited its investigation to the same. We find no prejudicial error at this point. See *Miller & Kizer v. Des Moines C. R. Co.*, 196 Iowa 1033; *Wilson v. Else*, 204 Iowa 857; *Olson v. Shuler*, 207 Iowa —.

The court in Instruction No. 1 gives a statement of the grounds of negligence claimed by the plaintiff. The appellant further complains that, in this manner, all of said grounds of negligence were submitted to the jury, and that there was no evidence tending to establish some of the same. There is no merit in this contention of the appellant's. Instruction No. 1 was only a preliminary statement. In a subsequent instruction, the court specifically told the jury upon what grounds of negligence a recovery could be had, and no exception to said instruction was taken by the appellant.

Complaint is made of the sixth instruction given by the court, and it is the claim of appellant that said instruction re-

quired the jury to find for the plaintiff on a finding that the plaintiff's injury was the proximate result of negligence on the part of the defendant, without restricting their deliberation to such acts as were alleged in the petition and submitted in the instructions. The court in a former instruction specifically and definitely submitted certain alleged grounds of negligence. In the sixth instruction complained of, the court told the jury that, if they found, from a preponderance of the evidence, that plaintiff's injury was the proximate result of negligence on the part of the defendant, then their verdict should be for the plaintiff, provided, however, they found that plaintiff was not guilty of contributory negligence, as defined in the instructions. The defendant argues that said instruction is in conflict with the former instruction. No such exception was taken. It is a familiar rule that instructions must be considered as a whole, and if, when so considered, it can be said that the jury was not misled, there will not be a reversal because of use of language in a single paragraph which could have been more explicit. The court in the instant case instructed the jury that they should consider and construe all the instructions together, and apply them as a whole to the evidence in the case. There is no prejudicial error at this point. See *Hawkins v. Young*, 137 Iowa 281; *Mitchell v. Des Moines C. R. Co.*, 161 Iowa 100; *Canfield v. Chicago, R. I. & P. R. Co.*, 142 Iowa 658.

In one of the court's instructions, the jury were told, in substance, that, if they found that the plaintiff was thrown from the bus in such manner as to cause her to lose her balance and be thrown against said bus, as alleged by the plaintiff, and that, to protect herself from a perilous position, she grasped the bumper of the bus, and held onto the same, and was dragged behind the bus, and in so doing, she was intending and designing to protect herself from what she believed to be an impending peril, and from injury, the mere fact that she made a mistake in so doing cannot be made the basis of the finding of negligence on her part. The appellant complains because of this instruction, its contention being that it was for the jury to determine whether or not the plaintiff exercised the same degree of care which an ordinarily careful and prudent person would have exercised

under the same circumstances. The court, in the instructions, did leave it to the jury to say whether she was guilty of contributory negligence, and correctly defined negligence, contributory negligence, and ordinary care, and told the jury that, in determining whether or not the plaintiff was guilty of contributory negligence, they should consider her acts and conduct and all other facts and circumstances shown by the evidence surrounding the injury to her, and that, if they found that she acted with such care and prudence as a person of ordinary care and prudence would have acted, under all the circumstances surrounding her, then she was free from contributory negligence. The complaint of the appellant as to said instruction is without merit. According to the version of the plaintiff, it was the negligence of the defendant that placed her in a position of peril. In *Kern v. Des Moines City R. Co.*, 141 Iowa 620, we said:

"If it [the company] created the peril, it cannot be heard to say, 'Well, you do not act discreetly in avoiding it.' The law takes account of the impulses of humanity when placed in dangerous and hazardous positions, and does not expect thoughtful care from the persons whose lives are thus endangered. * * * We need not cite cases in support of the principle that, where one places another in a position of peril, he has no right to expect circumspect conduct. * * * Indeed, the better rule here is that, if a defendant by his own negligent acts throws one off his guard or puts him in peril, the conduct of the person placed in the perilous position will not be regarded as contributory negligence under any circumstances."

See, also, *Phelan v. Foutz*, 200 Iowa 267. In *Lundien v. Fort Dodge, D. M. & S. R. Co.*, 166 Iowa 85, we declared:

"It is also a well settled principle in all cases where the question of negligence is involved that one party cannot, by his want of care, put the other in danger and then excuse himself from liability on the ground that the one so injured did not use good judgment in extricating himself from a peril so induced."

The appellant complains that one of the jurors was guilty of misconduct in making false answers to questions propounded by its attorney on her *voir dire* examination. This complaint

 was raised by affidavit in the motion for a new trial. The answers of the jurors upon their *voir dire* examination were not made of record. It is the contention of the appellant, as asserted in the affidavit, that said juror had a claim against the defendant company for damages in February of 1926, by reason of a collision between one of the company's cars and an automobile, and that, on the examination by appellant's attorney of said juror, she stated that she had never had a claim for damages against the defendant. The affidavit of the appellant's attorney states that, at the time her claim was made, he had knowledge of it, but had completely forgotten it. We cannot say that the loss of memory of appellant's attorney should be overlooked, any more than what may have been lapse of memory on the part of the juror. It is not shown that there was any trouble in the adjustment of the claim. The mere fact that she had a claim against the appellant company in 1926 did not disqualify her as a juror in this case in September, 1927. There is no showing in the affidavit of any prejudice on the part of the juror as against the appellant. We find that this contention of the appellant's is without merit.

It is contended by the appellant that another juror, Mrs. Wilson, was guilty of misconduct, in that she made observations and measurements of the scene of the accident. At the time of  hearing, on the motion for a new trial, said juror was present and sworn, and the court refused to hear the offered testimony, which was to the effect that, during the trial, she went to the vicinity in Des Moines on Beaver Avenue, between Douglas Avenue and Urbandale, where the plaintiff was released from the bus, and made estimates of the distance between said two streets. The juror, in making an estimate of said distance, which was not in dispute, could not possibly have obtained any information which would in any way affect the verdict. There was no question as to the distance, and no question as to how appellee was transported from Douglas Avenue to Urbandale. There was no abuse of discretion on the part of the trial court in refusing to receive the offered testimony. We find no merit in this contention of the appellant's. See *Skinner v. Cron*, 206 Iowa 338; *Bowman v. Western Fur Mfg. Co.*, 96 Iowa 188; *State v.*

*Crouch,* 130 Iowa 478; *Caldwell v. Nashua,* 122 Iowa 179; *Collings v. Gibson* (Iowa), 220 N. W. 338 (not officially reported).

The appellant contends that it should have been granted a new trial on the ground of newly discovered evidence. Said evidence is in documentary form, and consists of three petitions filed by the appellee in causes of action by her against certain insurance companies, in which she is seeking recovery growing out of the same accident. It is its contention that the allegations therein are not wholly in accord with her testimony in the case at bar. The attorney in his affidavit states that he did not know of the statements contained in said petitions until after the testimony in this case was closed. The record conclusively establishes lack of diligence in this respect by the appellant. The appellee in her testimony on cross-examination stated: "I have three actions pending against insurance companies. Those are for claims growing out of this same accident." The petitions were on file in the clerk's office at that time. Whether a new trial shall be granted on newly discovered evidence, although it be material, is largely discretionary with the trial court, and there is no abuse of discretion in this case. *First State Bank v. Tobin,* 204 Iowa 456. Moreover, a new trial will not be granted to permit the introduction of newly discovered evidence for impeachment purposes. *Witt v. Town of Latimer,* 139 Iowa 273.

The appellant contends that the verdict is excessive. The appellee suffered two major injuries: first a broken coccyx, and second, a miscarriage. The jury has fixed the amount, as they saw it, of plaintiff's damages. The amount has passed the scrutiny of the trial court. Under all the facts and circumstances relative to the character and permanency of the plaintiff's injury, taking into consideration the pain which she has suffered and which she will continue to suffer, and her weakened physical condition, as it now is, and will continue to be, even in the event of an operation, we do not feel justified in saying that the amount of the verdict is so excessive as to indicate that it is the result of passion and prejudice.

Since we find no prejudicial error, the judgment of the trial court is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, KINDIG, and GRIMM, JJ., concur.