JOS. T. RYERSON & SON, INCORPORATED, Appellant, v. ROTH BROTHERS & AKERS et al., Appellees.

No. 39705.

October 15, 1929.

Opinion on Rehearing October 14, 1930.

*Gillies & Daugherty*, for appellant.

*Jaques, Tisdale & Jaques* and *Max Roth*, for appellees.

Wagner, J.—The defendant Roth Brothers & Akers is a co-partnership, which is engaged in the business of a general contractor for public improvements. In its petition, the plaintiff asks for judgment for the balance claimed to be due upon an account for reinforcement steel alleged to have been sold and delivered by the appellant to the appellee. The defendant co-partnership filed a counterclaim for damages. Among other things, it is alleged in said counterclaim that, by reason of plaintiff's failure to furnish proper steel, there was considerable delay in the prosecution of said work; that a part of said work was sub-contracted by the defendants to Frank Zimmerly & Son, and that the Zimmerly firm brought suit for damages against the defendants, based on the fact that the plaintiff, in the first instance, shipped defective steel, and claiming therein that the delay in returning said steel and getting proper steel caused damage to said firm; that, by reason thereof, the defendants have been put to large expense in hiring attorneys, in the amount of $150, and for trips to Paris, Illinois, to defend said suit, at the expense of $125, making a total of $275 which defendants have been compelled to pay on account of plaintiff's failure and neglect, for which amount they demand judgment. In a subsequent amendment to the counterclaim, the defendants allege that there is a mistake in the original counterclaim relative to its claim for damages by reason of the Zimmerly litigation, and in said amendment they allege that said suit was settled out of court, at an expense to the defendants of about $275, but that not all of said

damages were occasioned by the failure of plaintiff to furnish proper steel; that, as nearly as they can estimate the proportion taxable to the failure to furnish proper steel, the same would be about one half; and that, on this count of said counterclaim, defendants demand judgment against plaintiff in the sum of $137.50.

There is no evidence of the amount expended by the defendants by reason of the Zimmerly litigation. The defendants sought to prove the amount paid for attorney fees in said case, but objection to the question propounded was promptly sustained.

The appellant complains that the court included within the issues submitted to the jury for its determination the claim of the defendants for $275, the amount claimed to have been expended for attorney fees and expenses. This claim of the appellant's is not substantiated by a reading of the instructions. In the instructions, the court, in his preliminary statement of the issues, quoted from the counterclaim, as amended, all of the claims made by the defendants for which they ask judgment. In a subsequent instruction, the court told the jury that, as to the item claimed of defendants in their counterclaim for damages occasioned by settlement of the claim of Frank Zimmerly against defendants for alleged delay by plaintiff to ship or deliver steel, "you are instructed that this item is withdrawn from your consideration, and you will not allow defendants anything by reason of such claim." The court also withdrew from the consideration of the jury other claims of the defendants'. The court, after the withdrawal instructions as aforesaid, instructed the jury that, in order to recover on the items of the counterclaim "submitted to you," defendants must establish the same by a preponderance of the evidence. The court further instructed the jury that the damages, if any, recoverable by the defendants on their counterclaim would be such as were the natural and probable result of a breach of the contract, or such as were fairly and reasonably within the contemplation of the parties at the time of making such contract, "as hereinafter explained." The court then fully instructed as to the matters in the counterclaim for which recovery could be made, depending upon the findings of the jury from the evidence. The jury is presumed to have followed the instructions of the court. It is true that it would have been better had the court, in his preliminary statement, omitted the

1182

claims made by the defendants relative to the Zimmerly litigation; but it is a familiar rule that instructions must be considered as a connected whole, and if, when so considered, it can be said that the jury were not misled, there will not be a reversal. *Elmore v. Des Moines City R. Co.,* 207 Iowa 862. Owing to the withdrawal and the other instructions herein mentioned, and considering, as we must, all of the instructions as a connected whole, we are unable to find prejudicial error. See *Livingston v. Stevens,* 122 Iowa 62; *Elmore v. Des Moines City R. Co.,* 207 Iowa 862; *Miller & Kizer v. Des Moines City R. Co.,* 196 Iowa 1033; *Wilson v. Else,* 204 Iowa 857.

The appellant also complains of other matters, which, by reason of the provisions of Rule No. 30 of this court and our pronouncements thereon, are not properly presented to this court for review. However, we have carefully read the entire record, and find no prejudicial error. The judgment of the trial court is hereby affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.