NICHOLS ROOFING & PAVING COMPANY, Appellant v. CITY OF DES MOINES, Appellee.

No. 41542.

NOVEMBER 22, 1932.

REHEARING DENIED MARCH 8, 1933.

C. B. Stull, for appellant.

Chauncey A. Weaver, J. A. Ralls, C. I. McNutt, and Buell M. Lindgren, for appellee.

KINDIG, J.—On and before April 12, 1931, the plaintiff-appel lant Nichols Roofing & Paving Company owned and occupied a ware· house in Des Moines, located at West Third Street, not far from the Raccoon River. The warehouse was on property leased from the Hubbell estate. A fire destroyed the warehouse April 12, 1931.

So, on June 24, thereafter, the appellant, as plaintiff, com· menced the present suit against the defendant-appellee City of Des Moines to recover damages from it for the loss of the warehouse. It is alleged by the appellant that the appellee is responsible for the fire because of the manner in which it maintained and conducted a city dump near the warehouse. This dump was located along the Des Moines River east and along the Raccoon River, south and west of the Nichols Roofing & Paving Company. According to the city engineer:

"The city dump is bounded on the east by the Des Moines River and on the south by the Raccoon River. On the north by Elm Street and the west by a strip of ground owned by Hubbell."

While testifying further, the city engineer declared that the appellant's warehouse was 440 feet west and approximately 300 feet north from the city dump.

Nevertheless, it is contended by the appellant that the dump covered not only the territory thus described by the engineer, but in addition thereto occupied all the space on the so-called Hubbell property which apparently extends from the boundaries of the city property, as given by the engineer, up to the warehouse itself. Also it is alleged in the appellant's petition that the city set fire to papers, boxes, and refuse on the dump on the day in question and permitted the same to spread from the city property to the Hubbell property

and from there to the appellant's warehouse. Such method of conducting and maintaining the dump, the appellant declares, constituted a nuisance and gave rise to a cause of action for the destruction of the warehouse by fire. The appellee denied: First, that it set fire to any material on the dump; second, that the fire spread from its dump to the warehouse; third, that it maintained a dump on the Hubbell or any other property except its own; and, fourth, that it had any control of the papers, boxes, and refuse, if any there were, on the Hubbell property. In addition thereto, the appellee pleaded that in no case could it be liable for the damages sought because the maintenance of a dump is a governmental function. Evidence was introduced by the appellant and appellee and at the close thereof the district court sustained the appellee's motion for a directed verdict. From the judgment there entered, the appellant appeals.

When disposing of the issues here involved, we do not determine or decide whether in any event the appellee city could be liable for the damages in question on the theory that the maintenance of a garbage dump was a governmental function. Under the record here presented, we assume the liability of the city if it negligently maintains and controls a garbage dump, and therefore find it unnecessary to discuss the governmental function question. If, then, there is a jury question under the theory assumed, of course, it would be error not to submit it to the fact-finding body for determination. On the other hand, it would be error to submit to the jury an alleged issue having no support in the evidence. Consequently, if there is no jury question, the cause should be determined by the court. Beck v. Chicago, B. & Q. Ry. Co., 214 Iowa 628; Ryerson & Son v. Roth Brothers & Akers, 210 Iowa 1179, and cases therein cited.

I. Although the appellant alleges that the city in the case at bar "set fire to certain deposits of refuse * * * on the city dump," there is absolutely no evidence to sustain the accusation. Nor is there any evidence to support appellant's allegation that the fire started by the city on its garbage dump spread from the city property to the Hubbell property, and from there to the warehouse. There is no evidence in the first place to sustain the allegation that the fire which burned the warehouse was started by the city on its dump or at any other place. Several witnesses testified for the appellant, but none of them pretended to know who actually set the fire that burned the warehouse. A lieutenant in the Des Moines fire depart-

ment came upon the scene soon after the fire alarm had been turned in and noticed a second fire about sixty-five feet southwest from the burning building. He, however, did not know who started that second fire, nor did he know on whose property it was. As a matter of fact, this fire sixty-five feet from the burning building was on the Hubbell, as distinguished from the city, property. The city engineer, as before stated, testified concerning the boundaries of the city property with reference to the Hubbell property and appellant's warehouse.

It appears without dispute that the warehouse is 440 feet from the east line of the city property and 300 feet from the south line thereof. Hubbell's vacant property lies between the warehouse and the city tract. Clearly, therefore, the fire seen by the fire lieutenant, sixty-five feet from the warehouse, was on the Hubbell property, a long distance from the city property. Nowhere in the evidence is there anything to indicate that any fire from the city property caused the burning of the warehouse. Under the record here presented there does not appear even a basis on which a hypothesis can be laid indicating that the fire came from the city property to the warehouse. According to the record, a strong wind was blowing from the southwest. Hence, the probabilities are that the wind may have carried the fire, not from the city property, but from the Hubbell property where the fire lieutenant saw some substance burning sixty-five feet from the warehouse. Even though fires from time to time may have been on the city property, there is nothing in the evidence to indicate that they or any one of them caused the destruction of the appellant's warehouse. There is no theory based on substantial evidence or otherwise establishing the fact that the fire which destroyed the warehouse came from appellee's property.

"A theory may not be said to be established by circumstantial evidence unless the facts upon which the theory is predicated are of such a nature and so related to each other that the conclusion sought to be drawn therefrom is the only conclusion that fairly and reasonably arises. 'It is not sufficient that they be consistent merely with that theory, for that may be true, and yet they may have no tendency to prove the theory. * * * If other conclusions may reasonably be drawn as to the cause of the injury from the facts in evidence than that contended for, the evidence does not support the conclusion sought to be drawn from it.'" Beck v. Chicago, B. & Q. R. Co. (214 Iowa 628), supra.

Assuming, then, that the appellant has a theory on which it can conclude that the fire which destroyed the warehouse came from the city property, yet that theory does not preclude other conclusions which also may be drawn from the circumstances. Obviously, then, the appellant has not carried the burden of proof on this allegation of its petition.

II. As before indicated, the appellant claims that the dump was maintained by the appellee city not only on its own property but on the Hubbell vacant tract as well. Therefore it contends that the maintenance of this dump in close proximity to the warehouse was' negligence. This is true, the appellant argues, because fires from the dump on the Hubbell vacant property might likely come in contact with and burn the warehouse.

Nothing appears in the record, however, to suggest that the city maintained, authorized, or permitted a dump on the Hubbell property. Again, the record does not disclose that fires ever spread from the city property over to the Hubbell property. Every witness testifying for the appellant denied that he knew who may have placed the papers, boxes, and refuse on the Hubbell property. A fence divides the city property from the Hubbell tract. All the city dump ground, therefore, is bounded by the fence, and the Des Moines and Raccoon Rivers. So far, then, as the record is concerned, there is nothing to indicate that the city maintained a dump on the Hubbell property. Moreover, there is nothing to suggest that the city in any way controlled, or had a right to control, the use of the Hubbell property. Under this contention of the appellant, then, as under the allegations involved in Division I above, he has failed to carry the necessary burden of proof.

III. The appellant indicates somewhat indefinitely in its argument that it seeks to recover from the city although the latter did not maintain a dump on the Hubbell vacant property.

This argument appears to be predicated upon the thought that the city was negligent because it did not remove from the Hubbell property, after a request so to do, papers, boxes, and debris placed thereon by others. Apparently the request, if any, was to remove rubbish deposited or allowed to be deposited by the city on its alleged dump. No such rubbish, according to the record, was deposited or allowed to be deposited on the Hubbell property by the city. There is nothing in the appellant's petition authorizing a recovery on the basis that the city was negligent in allowing the deposit of

rubbish independent of the aforesaid dump. According to the petition, the liability of the city is predicated upon the theory that it carelessly and wrongfully maintained a city dump, as distinguished from negligence in failing to remove rubbish from the Hubbell property independent of the maintained dump.

In its argument, the appellant, when stating the nature of its action, declares that it seeks to recover from the city because of the latter's negligence in operating "a city dump." Likewise, in stating "the issues," "how the issues were decided," and "the statement of facts," the appellant declared in its brief and argument that the material point involved was whether the city maintained the dump in question in such a way as to constitute a nuisance. Consequently the appellant appears to have recognized in the formal parts of its brief and argument required by statute that it has not pleaded the issue, somewhat indefinitely suggested in a doubtful assignment of errors and in a later portion of its argument, that although the city did not maintain a dump on the Hubbell vacant property it is liable because of the alleged negligence in failing to remove rubbish therefrom. No basis, therefore, is laid in the pleadings and record to indicate that the city is liable because it did not remove rubbish from the Hubbell property.

Wherefore, the judgment of the district court is affirmed.— Affirmed.

STEVENS, C. J., and EVANS, BLISS, and CLAUSSEN, JJ., concur.